UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RICHARD P. HODOWANIEC, | ) | |
|     Plaintiff | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:05-CV-306 RM |
| RACO, | ) ) | |
|     Defendant | ) ) | |

OPINION AND ORDER

Richard Hodowaniec sues his former employer, RACO, under the Americans with Disability Act and the Age Discrimination in Employment Act, alleging RACO discriminated against him by not reinstating his employment following liver transplant surgery. RACO seeks dismissal of Mr. Hodowaniec's ADEA claim pursuant to FED. R. CIV. P. 12(b)(6) because this claim wasn't included in his Equal Employment Opportunity Commission charge. Mr. Hodowaniec says that an exception to the general rule requiring an EEOC filing before a law suit should apply because his ADEA claim is reasonably related to his ADA claim.

The starting point for determining the permissible scope of an employment discrimination complaint is the EEOC charge. Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir. 1985) *quoting* Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 928 (11th Cir.1983).  On a Rule 12(b)(6) motion, the court generally may consider only the plaintiff's complaint. Rosenblum v. Travelbyus.com Ltd., 299 F.3d 657, 661-662 (7th Cir. 2002); FED. R. CIV. P. 12(c).  Documents attached to

a motion to dismiss, however, are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim, and may be considered by the court in ruling on Rule 12(b)(6) motion without converting it into a motion for summary judgment. FED. R. CIV. P. 10(c); Venture Associates v. Zenith Data Systems, 987 F.2d 429, 431-432 (7th Cir.1993); Wright v. Assoc. Ins. Cos. Inc., 29 F.3d 1244, 1248 (7th Cir.1994); Albany Bank & Trust Co. v. Exxon Mobil Corp., 310 F.3d 969, 971 (7th Cir. 2002); Rosenblum v. Travelbyus.com 299 F.3d at 661-662; Continental Cas. Co. v. American Nat. Ins. Co., 417 F.3d 727, 731 (7th Cir. 2005). Courts also may consider matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994).

Mr. Hodowaniec refers to his EEOC charge in his complaint at ¶ 2 ("All administrative remedies have been exhausted and Plaintiff received a Notice of Suit Rights dated February 22, 2005 from the EEOC"). The EEOC charge is central to his claim since it is impossible to adjudicate the dispute without reference to it. See Rosenblum v. Travelbyus.com 299 F.3d at 662; Whitehead v. AM Intern., Inc., 860 F. Supp. 1280, 1286 (N.D. Ill. 1994). Mr. Hodowaniec's EEOC charge is also a public record. See Faibisch v. University of Minnesota, 304 F.3d 797, 802-803 (8th Cir.2002); EEOC v. Recruit U.S.A., Inc., 939 F.2d 746, 749 (9th Cir.1991). The court may consider the EEOC charge either as a matter referenced in the complaint and central to the claim, or as a matter of public record subject to judicial notice without converting RACO's motion into a summary judgment.

Mr. Hodowaniec's EEOC charge is not in the record, so the court DIRECTS the parties to supplement the record with Mr. Hodowaniec's EEOC charge within seven days of the date of this order.

SO ORDERED.

Entered December 9, 2005

                                          /s/ Robert L. Miller, Jr.
                                          Chief Judge
                                          United States District Court