UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RICHARD P. HODOWANIEC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-306 RM |
| | ) | |
| RACO, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

Richard Hodowaniec sues his former employer, RACO, under the Americans with Disability Act and the Age Discrimination in Employment Act, alleging RACO discriminated against him by not reinstating his employment following liver transplant surgery. RACO seeks dismissal of Mr. Hodowaniec's ADEA claim pursuant to FED. R. CIV. P. 12(b)(6). For the reasons that follow, the court grants the motion to dismiss.

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not its underlying merits, *see* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990), and the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in the plaintiff's favor. Slaney v. Int'l Amateur Athletic Fed'n., 244 F.3d 580, 597 (7th Cir. 2001). Dismissal under Fed. R. Civ. P. 12(b)(6) is proper where the plaintiff has not met the administrative filing requirements imposed under Title VII and the ADEA. Perkins v. Silverstein 939 F.2d 463, 469-70 (7th Cir. 1991) ("The administrative filing requirements imposed under

Title VII and the ADEA are not 'jurisdictional prerequisites' which pose an absolute bar to suit, but rather 'conditions precedent' ").

RACO contends that Mr. Hodowaniec failed to exhaust his administrative remedies as to his ADEA claim because that claim was not within the scope of his EEOC charge. A Title VII plaintiff generally cannot bring claims in a lawsuit that were not included in his EEOC charge. Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir.1994). Because most EEOC charges are completed by laypersons, the test for determining whether an EEOC charge encompasses the claim in the complaint grants the plaintiff significant leeway: a claim is deemed included in the EEOC charge if it is "like or reasonably related to the allegations of the charge and growing out of such allegations." Id.

Mr. Hodowaniec says that his ADEA claim is reasonably related to his ADA claim because both claims stem from the same action – RACO's refusal to rehire him. The court cannot agree.

When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegation in the complaint can be reasonably inferred from the facts allege in the charge. Ajayi v. Aramark Business Services, Inc., 336 F.3d 520, 527 (7th Cir. 2003) *quoting* Cheek v. Western & S. Life Ins., 31 F.3d at 503. There is nothing about Mr. Hodowaniec's EEOC charge that would reasonably lead one to conclude that he was a victim of age discrimination. His charge complains about a specific instance of discrimination

2

on account of his disability,[1] but doesn't mention age anywhere in the charge. The age-discrimination box is unchecked, in describing the charge, he doesn't specify the ages of the other two employees who allegedly were hired in the department where he had previously worked, nor are there any other facts that might have alerted the EEOC or RACO to the claim.

Because Mr. Hodowaniec's ADEA claim is outside the scope of the allegations in his EEOC charge, this claim is not properly before the court. Accordingly, the Court GRANTS RACO's motion to dismiss with respect to the ADEA claim [Doc. No. 8].

SO ORDERED.

Entered December 22, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

---

[1] The factual allegation in it entirety states:
> I am a qualified individual with a disability hired by Raco on March 1, 1990. My position is a press room/assembly operator foreman. Due to a disability, I was discharged from work. On January 21, 2004, I was released to return to work. I contacted Ray Patnaude [in] Human Resources regarding returning to work and was informed there was no work available at that time. Mr. Patnaude stated should a position become available, I may be considered. I contacted the company every month regarding an employment opportunity and received no response. I discovered that two new employees where hired in the department where I previously worked. I believe that I have been discriminated against on the basis of my disability in violation of the Americans with Disabilities Act, as amended.