UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD P. HODOWANIEC, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-306 RM |
| ) | |
| RACO, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

Richard Hodowaniec sues his former employer, RACO, under the Americans with Disabilities Act and the Age Discrimination in Employment Act. The court dismissed his age discrimination claim for failure to exhaust his administrative remedies. Mr. Hodowaniec now moves to amend his complaint by reinstating his age discrimination claim since he has subsequently filed an EEOC charge alleging he was discriminated against because of his age. For the following reasons, the court denies Mr. Hodowaniec's motion.

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. FED. R. CIV. P. 15(a). Leave to amend is freely given when justice so requires, id., but may be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. Guise v. BWM Mortg., LLC, 377 F.3d 795, 801 (7th Cir. 2004). The requirements of FED. R. CIV. P. 15(a) must also be read in conjunction with FED. R. CIV. P. 16(b), which says a scheduling

order shall not be modified "except upon a showing of good cause." A court should consider the propriety of a motion to amend, only if good cause to modify the scheduling order is shown. *See, e.g.,* Hawthorne Land Co. v. Occidental Chemical Corp.,431 F.3d 221, 227 (5th Cir. 2005); Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2nd Cir. 2000); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir.1998); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992).

To demonstrate good cause, a party must show that despite diligence, the scheduling order's deadlines couldn't have reasonably been met. Trustmark Ins. Co. v. General & Cologne Life Re of America,424 F.3d 542, 553 (7th Cir. 2005). Although Mr. Hodowaniec's motion to amend was filed February 22, 2006 — 4 months after the deadline to amend the pleadings — he didn't receive his right to sue letter until February 15, 2006. Mr. Hodowaniec's inability to amend his complaint before then constitutes good cause for modifying the scheduling order.

A court should grant leave to amend a complaint after granting a motion to dismiss unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted — in other words, only if it appears plaintiff cannot state a claim. Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n, 377 F.3d 682, 687 (7th Cir. 2004). RACO argues that Mr. Hodowaniec can't state a claim of age discrimination claim since his second EEOC charge is untimely. The court agrees.

A plaintiff must file an administrative charge within 180 days after the

2

alleged unlawful discriminatory practice occurred, 29 U.S.C. § 626(d), and failure to file a timely charge will bar a later suit. Casteel v. Executive Bd. of Local 703 of Intern. Broth. of Teamsters, 272 F.3d 463, 466 (7th Cir. 2001) (citing Chakonas v. City of Chicago, 42 F.3d 1132, 1135 (7th Cir.1994)).[1] Mr. Hodowaniec's second EEOC charge was filed October 11, 2005, nearly a year after his first charge, but he contends he suffered a continuing discrimination as recently as June 2005, when he contacted RACO about possible employment. The court cannot agree with Mr. Hodowaniec's contention.

The time for filing a charge with the EEOC starts to run with the discriminatory act, not the future confirmation of the injury or determination that the injury is unlawful. *See* Soignier v. American Bd. of Plastic Surgery, 92 F.3d 547, 551 (7th Cir.1996), *cert. denied*, 519 U.S.1093 (1997); Lever v. Northwestern University, 979 F.2d 552, 556 (7th Cir. 1992). Mr. Hodowaniec's discovery that younger employees were allegedly hired and subsequent phone calls confirming there were no positions available were not new acts of discrimination. *See* Lever v. Northwestern University, 972 F.2d at 556 ("[a]n employer's refusal to undo a discriminatory decision is not a fresh act of discrimination" so "when [] a single discriminatory decision is taken, communicated, and later enforced despite pleas

---

[1] Indiana is not a deferral state for purposes of age discrimination claims. Daugherity v. Traylor Bros., Inc., 970 F.2d 348, 350 n2 (7th Cir. 1992), (citing Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 541 (7th Cir.1988)). But Indiana is deferral state for purposes of disabilities claims, *see* Doe v. R.R. Donnelly & Sons Co., 42 F.3d 439, 445 (7th Cir. 1994, so Mr. Hodowaniec's disability discrimination charge under the ADA had to be filed within 300 days of the alleged violation.

3

to relent--the time starts with the initial decision"). Mr. Hodowaniec argues in his reply that events in June 2005 show that his case presents an instance of a continuing violation, *see* United Airlines, Inc. v. Evans, 431 U.S. 553 (1997); Hemmige v. Chicago Public Schools, 786 F.2d 280, 284 (7th Cir. 1986), making his claim timely. Mr. Hodowaniec's attempted claim, though, relates to a set of discrete hiring decisions rather than a hostile work environment, so the continuing violation doctrine cannot save any claim concerning a hiring decision that occurred more than 180 days before he filed his EEOC claim. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 112 (2002); Lucas v. Chicago Transit Auth., 367 F.3d 714, 723-724 (7th Cir. 2004). The limitation period began to run no later than January 2004, when RACO allegedly refused to reinstate Mr. Hodowaniec's employment.

Accordingly, Mr. Hodowaniec's second EEOC charge is untimely and his age discrimination claim is barred. Any amendment reinstating this claim would be futile, so his motion to amend is denied [Doc. No. 24].

SO ORDERED.

Entered:  May 9, 2006

                                            /s/ Robert L. Miller, Jr.
                                            Chief Judge
                                            United States District Court

cc:     counsel of record